

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2004

# USA v. Clarke

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1223

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Clarke" (2004). *2004 Decisions.* Paper 318.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/318

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

No. 03-1223

UNITED STATES OF AMERICA

v.

MERVILLE ADOLPHY CLARKE,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 02-cr-00633)
District Judge:  Honorable Joseph E. Irenas

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2004

Before:  RENDELL, FUENTES and SMITH, Circuit Judges.

(Filed: September 30, 2004)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Merville Adolphy Clarke was charged with conspiracy to distribute and to possess

with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846.

He pled guilty on October 8, 2002.  Subsequently, he was sentenced to 78 months

imprisonment to be followed by four years of supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), requesting permission to withdraw because after a conscientious review of the record he is unable to find any non-frivolous issues for appeal. Clarke was given notice of his counsel's intent to withdraw and has not filed a pro se brief. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the reasons stated below, we will grant counsel's motion to withdraw and affirm the District Court's judgment of sentence.

Evaluation of an Anders brief requires a two-fold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Where the Anders brief appears adequate on its face, our review is limited to the portions of the record identified in the brief, along with any issues raised by an appellant in a pro se brief. See id. at 301. We conclude that the brief in this case is adequate and, in the absence of a pro se brief by the appellant, it will guide our independent review of the record.

Pursuant to his obligation under the first prong of our analysis, counsel has identified a single issue that could arguably support an appeal: whether the District Court erred in not applying a downward adjustment to Clarke's 78-month sentence pursuant to U.S.S.G. § 3B1.2(b) based on his minor role in the offense. Because counsel did not raise this issue at sentencing, our review is limited to plain error. See Fed. R. Crim. P. 52(b).

2

Under § 3B1.2 of the Sentencing Guidelines, a defendant's offense level may be decreased by four levels where the defendant is "a minimal participant," by two levels where the defendant is a "minor participant," or by three levels where the defendant's participation is somewhere in-between. In determining whether a defendant was a minimal or minor participant in the offense, a district court must consider the defendant's relative culpability as compared with the other participants. United States v. Isaza-Zapata, 148 F.3d 236, 242 (3d Cir. 1998). According to the comments of the Sentencing Guidelines, a minor participant is "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S. Sentencing Guidelines Manual § 3B1.2, cmt. n.5 (2001). A minimal participant is one "plainly among the least culpable of those involved in the conduct of a group." Id. at cmt. n.4 (noting the downward adjustment for a minimal participant is intended to be used infrequently). Furthermore, under our case law, we consider the following factors in determining whether the defendant was a minor participant: "(1) the defendant's awareness of the nature and scope of the criminal enterprise; (2) the nature of the defendant's relationship to the other participants; and (3) the importance of the defendant's actions to the success of the venture." United States v. Brown, 250 F.3d 811, 819 (3d Cir. 2001) (citing United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991)).

Here, for essentially all the reasons counsel points out, we agree that Clarke was simply not a minor participant. The record clearly shows that Clarke actively recruited

and engaged another in the conspiracy and that he was fully aware of the nature and scope of the criminal enterprise insofar as he knew what he was transporting, where the narcotics had come from, and to whom he was to deliver the package. Further, his role as a mule was essential to the ultimate success of the conspiracy. For all the above reasons, failure to apply a downward adjustment under § 3B1.2 of the Sentencing Guidelines was not plain error and would not support an appeal.

Our independent review of the record yields no other non-frivolous arguments that could possibly support an appeal and we are satisfied that all the requirements of Anders have been met. Accordingly, we will AFFIRM the judgment of the District Court and, in a separate order, GRANT counsel's motion to withdraw.